UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

GEORGE FORD, JR.,

                Petitioner,

v.

MARK BRADT,

                Respondent.
_____

**DECISION AND ORDER**

14-CV-06577 EAW

## BACKGROUND

Petitioner George Ford, Jr. ("Petitioner") filed the instant petition for a writ of habeas corpus on October 6, 2014. (Dkt. 1). Petitioner was convicted of murder in the second degree by the Hon. Joseph F. Cawley, Chenango County Court Judge, on February 19, 2009. (*Id.* at ¶ 5). Petitioner was sentenced to a term of incarceration of twenty-five years to life. (*Id.* at ¶ 6). Petitioner is currently incarcerated at the Attica Correctional Facility in Attica, New York. (*Id.* at ¶ 30). Petitioner's petition identifies five bases for his request for relief: (1) insufficiency of the evidence; (2) admission of evidence obtained after an unlawful arrest; (3) prosecutorial misconduct; (4) ineffective assistance of counsel with respect to scientific proof; and (5) ineffective assistance of counsel with respect to failure to request a conviction for a lesser-included offense. (*Id.* at ¶ 25).

On October 14, 2014, the Honorable Frank P. Geraci, United States District Judge, Western District of New York, entered an order transferring this case to the United States

District Court for the Northern District of New York (the "Northern District"). (Dkt. 2) (the "Transfer Order"). Judge Geraci found that "the Northern District of New York would be a more convenient forum for this action because all of the records relating to the Petitioner's underlying criminal conviction are located in that district." (*Id.*).

On October 27, 2014, Petitioner filed an amended petition. (Dkt. 3). The amended petition identifies the same five bases for relief as the initial petition. (*Id.* at ¶ 28).

On November 1, 2014, Petitioner filed the instant motion to vacate the Transfer Order. (Dkt. 4). Petitioner argues that the Court's entry of the Transfer Order without prior notice violated his due process rights and that the Transfer Order failed to take into account factors weighing in favor of maintaining the action in this district. For the reasons set forth below, Petitioner's motion is denied.

## DISCUSSION

### I. Legal Standard

Petitioner brings his motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "'This catch-all clause in Rule 60 gives the district court a grand reservoir [of] equitable power to do justice in a particular case.'" *Smith v. Muccino*, 223 F. Supp. 2d 396, 401 (D. Conn. 2002) (quoting *Radack v. Norwegian America Line Agency, Inc.*, 318 F.2d 538, 542 (2d

Cir. 1963)). "Rule 60(b)(6) authorizes relief only in the exercise of a sound discretion." *Cavalliotis v. Salomon*, 357 F.3d 157, 159 (2d Cir. 1966) (quotation omitted).

## II. The Transfer Order did not violate Plaintiff's right to due process

Petitioner first argues that "a court must give the parties prior notice and an opportunity to be heard regarding its intention to *sua sponte* transfer a matter to another jurisdiction." (Dkt. 4-2 at 1). Petitioner's argument is without merit.

Pursuant to 28 U.S.C. § 2241, an application for a writ of habeas corpus "may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application." 28 U.S.C. § 2241(d). Moreover, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id.*

Petitioner acknowledges that § 2241(d) governs the transfer of applications for a writ of habeas corpus between the district of confinement and the district of conviction, yet argues that the standard to be applied is that set forth in 28 U.S.C. § 1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Petitioner then argues that because some courts (notably, not including the Second Circuit Court of Appeals) have suggested that a hearing should be held prior

to a *sua sponte* transfer under § 1404(a), the Court's failure to conduct a hearing before issuing the Transfer Order violated due process.

Petitioner has not cited any authority for the proposition that the case law interpreting § 1404(a) should be applied to transfers made pursuant to § 2241(d). As such, it is not even clear that the cases cited by Petitioner, all of which concern transfers made pursuant to § 1404(a), are relevant in this context. However, even accepting *arguendo* Petitioner's claim that the § 1404(a) standards apply here, the cases he cites do not stand for the proposition that a hearing must be held in every case prior to a *sua sponte* transfer. In *Swindell-Dressler Corp. v. Dumbauld*, 308 F.2d 267 (3d Cir. 1962), the court found that a *sua sponte* transfer order made pursuant to § 1404(a) denied the plaintiff procedural due process because the plaintiff was denied "any hearing or opportunity for hearing." *Id.* at 273-74. However, the Third Circuit Court of Appeals has explained that *Swindell-Dressler* does not mean "that a hearing is necessarily required on every transfer motion. . . ." *Plum Tree, Inc. v. Stockment*, 488 F.2d 754, 756 (3d Cir. 1973) (further explaining that, "where, as here, the evidence and arguments supporting a transfer were in doubt, a hearing or conference would have been desirable before the district court decided the motion").

Similarly, the District of Columbia Court of Appeals has held that "as a matter of fundamental fairness the judge must accord an opportunity to be heard at least whenever <u>there is a possibility that the hearing may develop facts bearing on the decision to be</u>

made." *Fine v. McGuire*, 433 F.2d 499, 501 (D.C. Cir. 1970) (emphasis added)[1]; *see also Koehler v. Green*, 370 F. Supp. 2d 904, 907 (E.D. Mo. 2005), *aff'd sub nom. Koehler v. Brody*, 483 F.3d 590 (8th Cir. 2007) ("[W]hile it might be generally helpful to give a party notice and opportunity to be heard before a case is transferred, here the facts are so clear and convincing and obvious, that it is easy to see why Judge Marrero of the Southern District of New York decided *sua sponte* to transfer this case to the Eastern District of Missouri.")[2]. In short, the case law addressing the issue in the context of § 1404(a) transfers supports the conclusion that notice and a hearing are not necessary where no further development of the facts supporting transfer is required.

Petitioner has not cited, and the Court has been unable to find, any case law indicating that a *sua sponte* transfer offends due process where, as here, it is obvious from the face of the petition that the interests of justice would be better served by having an application for a writ of habeas corpus heard in the district of conviction (which undisputedly has concurrent jurisdiction). The Court declines to vacate the Transfer Order on this basis.

---

[1] Notably, the *Fine* court specifically held that the plaintiff should be given "an opportunity to present facts that bear on convenience of parties and witnesses." 433 F.2d at 501-02. Because the convenience of parties and witnesses is an explicit consideration under § 1404(a) but not under § 2241(d), the *Fine* decision further underscores that the considerations under § 1404(a) and § 2241(d) are not identical.

[2] The court in *Koehler* further noted that, "any harm resulting from a lack of notice and hearing has been lessened by this Court's consideration of this matter." 370 F. Supp. 2d at 907 n.5. Similarly, this Court has, as set forth in part II of this Decision and Order, given full and fair consideration to Petitioner's arguments in opposition to transfer.

- 5 -

### III. The Transfer Order was appropriate and in the furtherance of justice

Petitioner also makes several merits-based arguments in favor of his motion to vacate. In particular, Petitioner argues that transferring the case to the district of conviction does not increase convenience to any party, that his attorney is a solo practitioner who would potentially be required to travel to the Northern District, and that Petitioner would potentially have to travel from Attica Correctional Facility to the Northern District.

As a threshold manner, Petitioner has again applied the standards for a § 1404(a) transfer to a transfer made pursuant to § 2241(d). Unlike the text of § 1404(a), nothing in the text of § 2241(d) requires the court to explicitly consider the convenience of the parties when determining whether a transfer is in furtherance of justice. Nevertheless, even taking into account the considerations raised by Petitioner's motion, the Court finds that transfer to the Northern District was an appropriate exercise of the Court's discretion.

In *Bell v. Watkins*, 692 F.2d 999 (5th Cir. 1982), the Fifth Circuit Court of Appeals expressly considered a habeas corpus petitioner's argument that the district court had abused its discretion under § 2241(d) by transferring the application to the district where the trial took place, "as is its custom. . . ." *Id.* at 1013. The appellate court determined that the district court had not abused its discretion in part because the district where the petitioner had been convicted "was the more convenient forum because of the accessibility of evidence" and that this concern "conform[s] exactly to Congress's intentions in enacting section 2241(d)." *Id.* The *Bell* court explicitly rejected petitioner's argument that he was prejudiced by the transfer because of the cost to his lawyers of

traveling from Biloxi, Mississippi, to Jackson, Mississippi, or Oxford, Mississippi, distances of approximately 160 miles and approximately 320 miles, respectively. *Id.*

Federal district courts have not hesitated to transfer habeas corpus applications to the district of conviction because "the evidence is more readily accessible in the district where petitioner was convicted." *Himes v. Miller*, No. 2:10-cv-00599, 2010 WL 3960882, at *1 (S.D. Ohio Oct. 7, 2010); *see also McKinley v. Cooper*, No. 11-CV-297, 2011 WL 2181491, at *1 (W.D. La. May 10, 2011) ("[W]here the evidence and any witnesses concerning the criminal proceeding are pertinent to the prisoner's claims and are likely to be found in the parish where the trial was held, venue is more appropriate in the district where the state court that convicted and sentenced the petitioner is located.").

Here, given several of the bases on which Petitioner seeks relief (specifically, the conduct of his trial counsel and the conduct of the prosecutor), the evidence and witnesses that are pertinent to his claims are likely to be found in the Northern District. Plaintiff's trial counsel was Randel A. Scharf, Esq. (Dkt. 3 at ¶ 30). The Court takes judicial notice that Mr. Scharf's registered office for the practice of law is located in Cooperstown, New York, Otsego County, which is within the Northern District. *See* New York State Unified Court System, Attorney Directory, available online at http://iapps.courts.state.ny.us/attorney/AttorneySearch (last accessed November 21, 2014). As such, both Mr. Scharf and his records related to Petitioner's trial are likely to be found in the Northern District. Similarly, the Chenango County District Attorney and his records are located in the Northern District. The minor inconvenience to Petitioner and his counsel of potentially traveling to the Northern District does not outweigh these

considerations. The Court notes that the distance between the federal courthouse in Rochester, New York, and the federal courthouse in Syracuse, New York (the nearest courthouse in the Northern District), is only approximately 85 miles and that travel between the two takes fewer than one-and-a-half hours.

In short, Petitioner has failed to demonstrate that the Court should exercise its discretion to vacate the Transfer Order pursuant to Rule 60(b)(6). The Court cannot conclude that the interests of justice will be harmed if this matter is heard in the Northern District.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to vacate the Transfer Order is denied. The Clerk of Court is directed to transfer the case to the United States District Court for the Northern District of New York in accordance with the Transfer Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: November 21, 2014
      Rochester, New York